IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

MICHAEL EDWARD GUNN,

    Defendant/Petitioner.

Criminal No. 1:17-cr-137-01
Civil No. 1:18-cv-1441

## Memorandum Opinion

THIS MATTER comes before the Court on Petitioner Michael Edward Gunn's ("Petitioner") Motion to Vacate his Sentence under 28 U.S.C. § 2255 (Dkt. 161).

On May 17 2017, Petitioner was charged along with Vanessa Domingues and Angel Tia Gunn, his wife, with conspiracy to sex traffic minors, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), 1594(c). On May 19, 2017, a Rule 5 initial hearing was held during which the Government read in open court the maximum penalties involved for the alleged crimes, including a maximum of life imprisonment.

On June 15, 2017 a grand jury returned a five-count indictment against the three defendants charging: conspiracy to engage in sex trafficking of minors, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c) and 1594(c) (Count 1); sex

trafficking minor victims J.M. and B.R., in violation of §§ 1591(a)(1), (b)(2), (c) and 2 (Counts II & III); commission of a felony involving a minor by a registered sex offender, in violation of 18 U.S.C. § 2260A (Count IV as to Petitioner only); and interstate travel and use of a facility in interstate commerce to promote prostitution, in violation of 18 U.S.C. §§ 1952(a)(3) and 2 (Count V).

On July 14, 2017, Ms. Gunn and Ms. Domingues both pleaded guilty to Counts II and II and agreed to provide substantial assistance to the Government. On that same day, Petitioner's attorney, Chong Park, moved to withdraw his representation citing continuous "sharp disagreements as to the means by which to seek their objective of seeking an acquittal." This Court granted Mr. Park's motion and appointed Gregory Hunter as Petitioner's new attorney.

Petitioner informed Mr. Hunter of his desire to go to trial despite Mr. Hunter's advice. Nevertheless, Mr. Hunter explored the possibility of a plea offer with the Government. The Government informed Mr. Hunter that any plea would still include an offense with a twenty-year mandatory minimum sentence. Mr. Hunter informed Petitioner of these discussions and Petitioner was still uninterested in a plea deal and sought to proceed to trial.

At trial, varied evidence was put forth to show that Petitioner engaged in sex trafficking and that he knew the ages of his minor victims. This evidence included testimony from witnesses and forensic evidence of digital and electronic devices. At the end of the trial, on September 13, 2017, the jury found Petitioner guilty of all five counts.

After trial, Petitioner's sentencing guideline range was calculated to be between 360 months and life in prison. On January 19, 2018, the Court held a sentencing hearing and sentenced Petitioner to 240 months on Counts I, II, and III of the indictment, 120 months on Count IV, and 60 months on Count V. The sentences for Counts I, II, III, and V were ordered to run concurrently. The sentence for Count IV was consecutive to Counts II and III, pursuant to the statutory language of 18 U.S.C. § 2260A mandating the ten years to run consecutive to the Section 1591 counts.

Petitioner filed a direct appeal of his conviction and sentence on January 26, 2018. On appeal Petitioner primarily argued that there was insufficient evidence to establish the required mens rea of the victims' minor status. On January 31, 2018, Petitioner filed a motion to vacate, pursuant to 28 U.S.C. § 2255, and then an amended motion. The Court denied the motion without prejudice as the appeal was still pending. On September 12, 2018, the Fourth Circuit affirmed Petitioner's conviction

3

and sentence. On November 26, 2018, the instant Section 2255 motion was filed with the Court.

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Relief under Section 2255 is meant to correct fundamental errors and is reserved for situations where failure to grant relief would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill, 368 U.S. at 428). A Section 2255 motion may not substitute for an appeal, and claims waived by failure to appeal are deemed procedurally defaulted unless there is a showing of actual prejudice. United States v. Frady, 456 U.S. 152, 165-67 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). An exception to this general rule applies when a Petitioner raises a claim of constitutionally

4

ineffective assistance of counsel, which can be raised in a collateral attack of his conviction. See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998).

A Petitioner must satisfy a two-prong test in order to demonstrate ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). The two prongs are (1) deficient performance by counsel and (2) prejudice suffered by the Petitioner as a result of that deficient performance. Id. Courts are to be highly deferential when scrutinizing the performance of counsel in order to avoid the temptation of second-guessing choices made from a wide range of strategies. Id. at 689. To meet the prejudice requirement, a Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The level of probability is "a probability sufficient to undermine confidence in the outcome." Id. Failure to demonstrate either prong is fatal to a Petitioner's claim. See United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

A court need not hold an evidentiary hearing when a § 2255 motion, though facially adequate, is repudiated as to the alleged facts by the records in the case. See, e.g., Delgado-Salina v. United States, 2014 WL 259013, at *2, *5-6 (E.D. Va. Jan. 23, 2014); United States v. DiCarlo, 575 F.2d 952, 954 (1st

Cir. 1978); United States v. Morrison, 98 F.3d 619, 625 (D.C. Cir. 1996).

Petitioner claims that he was prejudiced by ineffective assistance of counsel at three major points during his criminal prosecution: (1) he received ineffective counsel relating to a potential plea offer from the government and sentencing exposure, (2) counsel did not interview or subpoena appropriate witnesses to assist in the defense of Petitioner's case, and (3) counsel failed to adequately communicate with Petitioner during his post-conviction direct appeal. Each will be addressed seriatim below.

Petitioner's first claim is that he received ineffective counsel regarding the entry of a guilty plea and sentencing exposure. The sworn affidavit of Mr. Hunter states that he had multiple meetings with Petitioner. At these meetings, Mr. Hunter discussed the twenty-year mandatory minimum that Petitioner faced for his alleged crimes, as well as the potential maximum range of sentencing Petitioner could face. Petitioner was "vehemently opposed to entering into a plea deal" with the Government because he did not believe that his wife, the minor victims, and Ms. Domingues would ultimately testify against him at trial.

Nonetheless, Mr. Hunter still engaged in discussions with the Government to discern whether a plea deal was possible. Mr.

Hunter was informed that if a plea deal were to be struck, it would still include a mandatory minimum sentence of twenty years. Mr. Hunter informed Petitioner of this potential offer and suggested he consider taking it. Petitioner, however, was resolute in his desire to go to trial. These facts demonstrate that Mr. Hunter provided competent counsel to Petitioner that was reasonable under the circumstances.

Further, even if Mr. Hunter was found to have provided incompetent counsel, there was likely no prejudice to Petitioner. To begin, no plea offer was ever formally extended to Petitioner, so he could not have been counseled to accept or decline one. Second, the Government read the maximum sentencing exposure in open court during Petitioner's Rule 5 initial appearance, putting Petitioner on notice of his sentencing exposure. Third, while the potential plea offer may have only been confined to a crime with a twenty-year mandatory minimum, it would have been up to the Court to determine the final sentence to impose. It is pure speculation to say that the Court would have imposed a less lengthy sentence than it ultimately did in this case.

Because of these reasons, Petitioner has failed to show either deficient performance from counsel or prejudice to himself regarding advice about a guilty plea and his sentencing exposure. As neither prong is satisfied, the Court finds

7

Petitioner's first claim of ineffective assistance of counsel to be meritless.

Petitioner's second claim is based on Mr. Hunter's alleged failure to subpoena three witnesses at trial. Petitioner alleges that the three witnesses would have provided the following testimony: (1) B.R.'s mother informed Petitioner that B.R. was 19 years old; (2) Tae Adams brought J.M. and B.R. to Petitioner and represented both victims were 18 years old or older; and (3) an unnamed FBI agent would have testified J.M. and B.R. informed the agent they were eighteen years or older.

As to the first prong of deficient performance, the Court "must afford . . . enormous deference" to trial counsel as "the decision whether to call a defense witness is a strategic decision." United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004). As demonstrated by Petitioner's motion, the testimony of B.R.'s mother and Tae Adams was unlikely to have been brought forth at trial even if they had been subpoenaed. This is because if they had testified, both of those parties would have implicated themselves as having engaged in sex trafficking. Also, they would have further implicated Petitioner as having engaged in sex trafficking. The unidentified FBI agent's testimony would have at best shown that the agent was unaware that Petitioner was engaged in sex trafficking. The testimony of all three individuals is unlikely to have been very helpful and

8

could have potentially been damaging to Petitioner's case, thus it was a reasonably competent strategic choice for Mr. Hunter to make under the circumstances.

As to the prejudice prong, the failure to present cumulative evidence cannot establish prejudice as it is unlikely to have changed the outcome of the case. Wong v. Belmontes, 558 U.S. 15, 22 (2009). The presumed testimony of these three witnesses would at best have shown that the ages of the minor victims were misrepresented to Petitioner at various times. Similar testimony was presented to the jury numerous times throughout the trial, and these witnesses' testimonies would have merely been cumulative. As these witnesses would have provided only cumulative evidence, there was no prejudice to Petitioner in the failure to subpoena them at trial.

Due to the facts that the Court must give enormous deference to trial counsel's competent strategic decisions and that there is no prejudice in a failure to provide cumulative evidence, Petitioner does not meet the threshold required for either prong. Thus, the Court finds Petitioner's second claim of ineffective assistance of counsel to be without merit.

Finally, Petitioner's third claim of ineffective assistance stems from Mr. Hunter's alleged failure to properly communicate with him during the appeal process. Mr. Hunter's sworn affidavit states that he timely filed an appellate brief with the Fourth

9

Circuit per Petitioner's request. Mr. Hunter also sent a copy of the brief to Petitioner by way of the address provided by the Bureau of Prisons. After receiving notice of a complaint filed by Petitioner with the Virginia State Bar, Mr. Hunter forwarded another copy of the appellate brief to Petitioner. The Virginia State Bar dismissed the complaint against Mr. Hunter in June 2018. None of these facts are sufficient to establish deficient performance by Mr. Hunter.

Even if the alleged paucity of communication from Mr. Hunter could be seen as deficient, Petitioner is still unable to establish prejudice. Petitioner is unable to cite to any claim that could have been raised on appeal and was not due to the failure to communicate. As noted above, Petitioner's claim that certain witnesses should have been called is meritless as their testimony was unlikely to change the outcome; similarly, even a missed chance to raise that issue on appeal is unlikely to have demonstrated reversible error.

Because Mr. Hunter's communication with Petitioner during the direct appeal was neither deficient nor prejudicial, the Court finds that Petitioner's third claim is meritless.

For the reasons set forth above, the Court concludes that Petitioner has not met his burden to show that he received ineffective assistance of counsel at any of the three stages claimed and thus vacating his sentence would be inappropriate.

Petitioner's petition will be denied. An appropriate order shall issue.

                                        */s/ Claude M. Hilton*

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February 19, 2019